

Thomas C. Wright, PhD, JD
Induction-IP PLLC
PO Box 140166
Dallas, TX 75214
214.729.5190
twright@induction-ip.com

March 22, 2023

Magistrate Judge Roy S. Payne
United States District Court for the Eastern District of Texas
100 Houston Street
Marshall, TX 75670

    Re:   Production of third-party document in *Hare v. Pant*, 2:22-cv-00189

Your Honor:

    This Letter is in response to an email from the Court allowing counsel for Garrity Power Services ("GPS"), not a party to this case, to address the issue of the possible production of a settlement agreement ("SA") from an unrelated case to the pending matter of *Hare v Pant*, 2:22-cv-00189 ("this case").

    The court has already issued an Order on this issue, but that involved no input from GPS or its counsel. GPS thanks the Court for this opportunity to clarify the issues before the Court.

    The undersigned believes this request for production is so far-afield from this case that it should not require formal intervention to avoid the production of a document that is undeniably irrelevant to any issue in this case.

**Background**

    The document that Hare seeks is the settlement agreement from the case, *Garrity Power Services v Samsung*, 2:20-cv-00269 ("GPS Case"). As expected, this agreement contains stringent confidentiality language. Production of it in this case puts that confidentiality at risk. But more to the point, it is irrelevant to this case and its production is unwarranted for the following reasons:

Hon. Roy S. Payne
March 22, 2023
Page 2

**The Document at Issue is Covered by Attorney-Client Privilege.**

1. Sanjay Pant is an officer and attorney at IPEdge ("IPE") and was an attorney for GPS in the GPS case. In the GPS case he testified to "providing litigation services" to GPS before and after the filing of that case. Paul Garrity, the Principal of GPS, understood Mr. Pant was a lawyer for GPS, and would testify to that fact.

2. Mr. Pant was only in possession of the SA in that role, i.e., as an attorney representing GPS through his company IPE. Garrity would also testify to that fact.

**Sanjay Pant has no right to possess the document at issue as an individual.**

1. Mr. Pant does not possess the SA as an individual, but only as a representative of IPE, and therefore, he has no authority to produce the SA as an individual in this case.

2. Even if he did have such authority, neither Sanjay Pant nor Jaspal Hare are mentioned in the SA. IPE is not mentioned either. Thus, there is no useful information regarding what IPE or Mr. Hare received through IPE's relationship with GPS in the SA.

**There are ways of achieving the discovery at issue without ordering third-party production.**

If Mr. Hare is legitimately interested in what IPE or Mr. Pant received as a result of IPE's relationship with GPS, that is readily obtainable from Pant or IPE, Mr. Pant's company. It does not require the extraordinary step of production of a highly confidential document that does not involve either party to this case, from an entirely different case.

In other words, there are much less drastic measures to arrive at allegedly relevant information for this case that do not burden unrelated third parties. And there are no allegations in this suit that would entitle Hare to damages from anyone but Mr. Pant.

**Relief, Review and Contingent Extension Request**

1. Based on the forgoing, GPS asks the Court to deny the production of the SA to plaintiff Jaspal Hare in any manner.

2. If the Court would like to review the SA to confirm the representations made herein, GPS will gladly supply the document for *in camera* review.

3. If the Court does not resolve this matter before the current deadline for production, Monday March 22, 2023, GPS requests a continuance until the Court rules on this matter.

Hon. Roy S. Payne
March 22, 2023
Page 3

       GPS discussed this issue with the parties, and counsel for Hare indicated that Mr. Hare is opposed to any extension.

4. Hare's refusal to agree to an undeniably reasonable extension of the deadline to allow the Court to resolve this issue of production of a third-party document belies the underlying reason for Mr. Hare's request. Namely, Hare wants information to which he is not entitled. This is just an effort to see the SA and the information contained therein, and there is no basis to allow Hare to do so.

5. If the Court decides the SA should be produced, GPS requests that it be produced with the designation "COUNSEL WHO HAVE APPEARED FOR THE PARTIES ONLY" because Jaspal Hare, the plaintiff, is an attorney but has no right to see the information at issue. Alternatively, the Court could just order that Mr. Hare is not to have access to the SA or its contents. In any event, a modification of the Protective Order will be required.

6. Finally, if the court orders production of the SA, GPS requests a 10-day period in which to seek relief before such production would take place.

**Finally, What Happened to Traditional Third-Party Discovery?**

       The Federal Rules allow for discovery from third parties. It is routine. It involves the issuance of a subpoena and the right of the third-party to respond, or seek relief, with respect to the information sought. There has been no explanation from plaintiff Hare as to why this process was not followed, or why this was an issue for the Hot Line without issuing a subpoena.

GPS looks forward to the opportunity to discuss all of these issues with the Court on Friday.

Respectfully submitted,

Thomas C. Wright
*Attorney for Non-Party Garrity Power Services LLC*